IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.:0:04-898-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| LATONYA RENEE DAVIS ) | |
| _____ ) | |

This matter is before the court on defendant's motion (ECF No. 566), through counsel, for relief pursuant to the Section 404(b) of the First Step Act of 2018[1] as it relates to crack cocaine offenses and retroactive application of the Fair Sentencing Act of 2010.[2] For the reasons which follow, the motion is granted and the defendant's sentence shall be reduced from life to 30 years.

The First Step Act of 2018 was signed into law on December 21, 2018. One of the changes in the Act relates to the Fair Sentencing Act of 2010 which, among other things, reduced statutory penalties for cocaine base ("crack") offenses.[3] Specifically, § 404 of the First Step Act retroactively applies the reduced penalties under the Fair Sentencing Act to "covered offenses" committed *before* August 3, 2010.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (enacted Dec. 21, 2018).

[2] Pub. L. 111-220; 124 Stat. 2372 (2010).

[3] Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison).

1

The court that imposed a sentence for a covered offense may on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or the attorney for the government, impose a reduced sentence as if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. A court may not entertain a motion to reduce a sentence if the sentence was previously imposed or reduced in accordance with the amendments made by the Fair Sentencing Act of 2010 or if a previous motion to reduce the sentence was denied after a complete review of the motion on the merits.

The mechanism for bringing First Step Act motion is found at 18 U.S.C. § 3582(c)(1)(B), which states that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). This court's authority for granting an FSA motion is broad. Under this provision, "there is no limiting language to preclude the court from applying intervening case law" when evaluating an FSA motion. *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020). Furthermore, 18 U.S.C. § 3553(a) "sentencing factors apply in the § 404(b) resentencing context." *Id*. at 674. Finally, "the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id*.

It does not automatically follow, however, that the sentence must be reduced. Indeed, the First Step Act indicates, in two different sections, that any relief awarded is discretionary with the sentencing court. Under § 404(b) of the First Step Act, the court "may," but is not

2

required to, grant statutory relief. The discretionary nature of the relief is further emphasized in § 404(c) of the First Step Act. Building on the "may" language in § 404(b), this section provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.

## I. PROCEDURAL BACKGROUND

The defendant and other co-conspirators were initially charged with participating in a drug conspiracy involving 50 grams or more of cocaine base, 5 kilograms or more of cocaine and a quantity of marijuana. The defendant was arrested in Charlotte, North Carolina, on April 22, 2005. On June 2, 2005, the Government filed an Information notifying Davis that she faced an enhanced penalty under 21 U.S.C. § 851 based upon a prior felony drug conviction. A grand jury returned a Third Superseding Indictment on August 17, 2005 (ECF No. 101), charging Davis and several co-conspirators with various drug and firearm offenses surrounding a drug-related murder. Specifically, the defendant was charged with the following:

Count 1:   Conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), 5 kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846;

Count 6:   While engaging in a drug conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of cocaine base, intentionally killed, counseled, commanded, induced, procured and caused the intentional killing of Robin Platts, and aided and abetted each other and others in the commission of the aforesaid

3

       offense, in violation of 21 U.S.C. §§ 848(e)(1)(A) and 18 U.S.C. § 2; and

Count 7:  During and in the course of a violation of 18 U.S.C. § 924(c), to wit: the knowing use and carrying of firearms, during and in relation to a drug trafficking crime and a crime of violence, each of which is prosecutable in a court of the United States, and in further of any such crime; did cause the death of a person through the use of firearms, such killing being a murder as defined in 18 U.S.C. § 1111, in that the defendants with malice aforethought did unlawfully kill Robin Platts by willfully, deliberately and maliciously shooting her with firearms, with premeditation and in the perpetration of the offenses alleged in Count 1 of this Third Superseding Indictment, and did aid and abet each other and others in the commission of the aforesaid offense, in violation of 18 U.S.C. § 924(j)(1) and 18 U.S.C. § 2.[4]

  The defendant's co-conspirators all plead guilty and cooperated. Several co-conspirators testified against the defendant during her October 2006 jury trial. The defendant was convicted by a jury on all three Counts on October 31, 2006.

  The Presentence Report (PSR) (ECF No. 304) prepared by the U.S. Probation Office determined the defendant's offense level to be 43 on each count. A cross reference to murder under U.S.S.G. § 2A1.1 (first degree murder) was applied to Counts 1, 6, and 7.

  The defendant's criminal history category was I. The defendant had prior separate state convictions for carrying a concealed weapon and possession with intent to sell and deliver cocaine. Based on an offense level of 43 and criminal history category of I, the

---

[4] There were also special findings found by the Grand Jury as to Counts 6 and 7.

defendant's Guideline range was life.

Even after enactment of the First Step Act, the defendant's Guidelines remain unchanged. This is because the murder cross reference of U.S.S.G. § 2A1.1 trumps the otherwise applicable Guidelines that are based primarily on drug weight and related factors. Although the Guideline regime that existed in 2007 remains in place, the Fourth Circuit Court of Appeals has counseled that the fact that a defendant serving a life sentence has maintained a good disciplinary record is a significant factor that must be taken into account in First Step Act resentencings. The resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider the defendant's post-sentencing conduct. *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2020). Moreover, the defendant will be nearly 70 years old when she completes a 30-year sentence—an age at which she is unlikely to recidivate.

On February 27, 2007, this court sentenced the defendant to life imprisonment on Counts 1, 6, and 7, to be served concurrently, followed by 10 years of supervised release.[5]

The defendant filed a notice of appeal. The Fourth Circuit Court of Appeals upheld the defendant's conviction and sentence in an opinion issued on March 12, 2008. *See United States v. Davis*, 269 Fed. Appx. 318 (4th Cir. 2008).

---

[5] The judgment was entered on February 28, 2007—prior to enactment of the Fair Sentencing Act of 2010. The court notes that the sentence was imposed after the decision in *United States v. Booker*, 534 U.S. 20 (2005) which rendered the sentencing guidelines advisory.

5

The defendant subsequently filed various motions challenging her convictions and sentences in the years since her trial and sentencing. She first filed a motion pursuant to 28 U.S.C. § 2255 in July 2014, which this court denied. The defendant next filed a motion to reduce her sentence pursuant to Amendment 782 of the United States Sentencing Guidelines which this court also denied. The defendant then filed a second § 2255 motion in June 2016 which this court denied.[6]

Because the facts of the defendant's crimes are important, the court will recite below the factual development as set out in the opinion of the Fourth Circuit Court of Appeals in the direct appeal of this case.

> "On May 14, 2004, Davis traveled from Charlotte, North Carolina to Columbia, South Carolina to meet Anthony White. White wished to exchange cocaine he had purchased earlier through Davis because the cocaine was not properly cooking into crack and to purchase additional cocaine. Three of Davis' cohorts—Roy Sargeant, Curtis Ashford, and Horace Vaughn, Jr.—traveled to Columbia as well, in a separate vehicle. Davis and the three men intended to rob White of his drugs and money. After meeting White in Columbia, Davis led White's car north on I-26. At a predetermined exit, Davis exited I-26 and honked her horn to signal Sargeant and Ashford, who were lying in wait for White in a ditch beside the road." *Id*. at 319. "As the two vehicles approached the end of the exit ramp, Sargeant and Ashford approached White's vehicle, in an attempt to rob White. However, Davis did not come to a complete stop at the end of the ramp and thereby failed to block White's vehicle. Sargeant and Ashford then fired multiple shots into White's car. Robin Platts, White's girlfriend, was driving White's car and was killed by a shot fired by Sargeant. From the passenger seat, White managed to

---

[6] The defendant filed her initial motion under the First Step Act on February 4, 2019. This court denied the motion because it did not appear that the defendant was convicted of a covered offender under § 404(a). In 2020, *Gravatt* was decided and has held that these convictions do qualify. Thus, this court's earlier denial was not on the merits and presents no bar to this court's consideration of her second motion under the First Step Act.

maneuver the vehicle back onto I-26, where he succeeded in flagging down help. Davis and her fellow assailants fled the scene." *Id*.

"Officers responding to the scene discovered a backpack containing cocaine residue and $44,875 in cash. During a search of the woods, officers discovered approximately one kilogram of cocaine, which White admitted to hiding. As a result of the shooting, the Federal Bureau of Investigation ("FBI") began investigating Davis, Sargeant, White, Ashford, Vaughn and others. Through cell phone records, the FBI connected White to Davis and then Davis to Sargeant. Agents stopped Sargeant on September 28, 2004, and discovered 250.57 grams of marijuana and 12.18 grams of crack cocaine in Sargeant's vehicle. A subsequent search of Sargeant's apartment resulted in officers seizing drugs and multiple firearms. Sargeant, a convicted felon, was arrested on federal gun and drug charges." *Id*.

"Davis was ultimately arrested and admitted to involvement in a drug conspiracy with Sargeant and others, involving kilogram quantities of cocaine. On August 17, 2005, Davis was indicted in a Third Superseding Indictment for: (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841 (Count One); (2) the intentional killing of Robin Platts while engaged in the offense described in Count One, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and (3) the unlawful killing of Robin Platts while in possession of a firearm during and relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(j)(1). Prior to this Third Superseding Indictment, Sargeant began cooperating with the Government. Sargeant admitted to his involvement in the drug conspiracy and the killing of Robin Platts and entered into a plea agreement. Ashford, likewise, eventually entered into a similar plea agreement." *Id*. at 319–20.

*United States v. Davis*, 269 Fed.Appx. 318 (4th Cir. 2008).

The defendant acknowledges that her Guideline range has not changed in the intervening years following her sentencing. Instead, she believes that her post-sentencing conduct warrants a sentence reduction.[7] The defendant's attorney suggests a three-level

---

[7] In her reply (ECF No. 569), the defendant acknowledges that she tested positive for COVID-19 (continued...)

reduction in the offense level of 43 which would result in a new reduced offense level of 40. With a criminal history category of I, this places the defendant in a 292 to 365 month Guideline range.

The defendant is currently 51 years old and has received credit for time served since April 22, 2005. She has only two minor disciplinary infractions on her record while incarcerated at the Bureau of Prisons (BOP). Additionally, the defendant has completed 44 classes during her 14 and one-half years of incarceration.[8]

The Government has conceded that the defendant is eligible for resentencing under the First Step Act and that she was convicted of a covered offense. However, the Government strongly argues against any modification of the defendant's sentence based primarily on the severity of the offense and the § 3553(a) factors. This court is compelled to agree that the crime at issue was particularly heinous. Much is being said today about current sentencing practices with the argument being made that federal courts are sentencing an inappropriate amount of "non violent drug offenders" to long prison terms. This case was not a "non violent" drug offense. A totally innocent individual, who was merely the driver for a fellow drug dealer, lost her life. Additionally, the defendant was in her late 30s at the time of her crimes, and thus her actions were not those of an immature teenager.

---

[7](...continued)
on July 19, 2020. The court does not deem this statement as a request for compassionate release.

[8] While this is indeed an impressive number, a closer evaluation of the courses taken indicate that some of the courses are of minimal rehabilitative value. For example, the defendant has taken courses in Yoga, Wellness, Body Stretch, Advanced Wellness, Strong Arms and Back, Soccer Officiating, Volleyball, Softball, Soccer, and Graphic Arts.

8

Nevertheless, this court has concluded that, consistent with directives from the Fourth Circuit Court of Appeals, some modification of the defendant's sentence is in order. A reduction to 30 years (360 months) appears to this court to be a sentence sufficient, but not greater than necessary to serve the statutory sentences purposes of sentencing. It is also within the Guideline range suggested by defendant's attorney.

The U.S. Probation Office has prepared a Sentence Reduction Report (SRR) (ECF No. 564), and determined that the retroactive application of the Fair Sentencing Act had no impact on the applicable statutory penalties or Guideline range. The SRR also noted that the defendant was convicted of a covered offense and was eligible for consideration of a reduced sentence under *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). The drug quantity originally adopted by the Court was 9.5 to 15.6 kilograms of crack cocaine. However, the murder cross reference of U.S.S.G. § 2A1.1 trumps the otherwise applicable Guidelines that are based primarily on drug weight and related factors.

## II.  DISCUSSION

Even though the defendant's Guidelines have not changed, the court must consider the statutory factors under 18 U.S.C. § 3553(a) and any post-sentencing conduct to impose a sentence which is sufficient, but not greater than necessary by considering, in part:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; . . . the kinds of sentences available . . . and the sentencing range establish[ed]

9

for the . . . offense committed . . . as set forth in the [G]uidelines[.]

18 U.S.C. § 3553(a).

As the defendant acknowledges, there have been no changes to her Guideline range. In addition, there have been no changes in intervening case law raised by the defendant for this court to consider. *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). Addressing the § 3553 factors, the court finds the following:

(1) *Nature and Circumstances of the Offense.* As noted previously, the defendant was convicted by a jury on all three counts alleged in the Superseding Indictment: Count 1 — conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), 5 kilograms or more of cocaine, and a quantity of marijuana; Count 6 — while engaging in a drug conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of cocaine base, intentionally killed, counseled, commanded, induced, procured and caused the intentional killing of Robin Platts, and aided and abetted each other and others in the commission of the aforesaid offense; and Count 7 — during and in the course of a violation of 18 U.S.C. § 924(c), to wit: the knowing use and carrying of firearms, during and in relation to a drug trafficking crime and a crime of violence, each of which is prosecutable in a court of the United States, and in further of any such crime; did cause the death of a person through the use of firearms, such killing being a murder as defined in 18 U.S.C. § 1111, in that the defendants with malice aforethought did unlawfully kill Robin Platts by willfully, deliberately and maliciously shooting her with

10

firearms, with premeditation and in the perpetration of the offenses alleged in Count 1 of this Third Superseding Indictment, and did aid and abet each other and others in the commission of the aforesaid offense.

It goes without saying that these are all serious offenses that place this case in a category far beyond the traditional drug trafficking conspiracy cases that routinely are processed through this court.

(2) *History and Characteristics of the Defendant*. The defendant is 51 years old and has completed approximately 14 and one-half years of incarceration at the BOP. As noted, her disciplinary record is good and she has attended a number of educational and vocational classes while incarcerated. She has strong community and family support.

Captain T. Gentry of the Federal Correctional Institution in Aliceville, Alabama, has submitted a letter on the defendant's behalf, noting that the defendant has been an invaluable worker within the recreation department and the entire institution. His letter highly commends the defendant for her professionalism and respect among her peers and staff.

In a letter to the court, the defendant notes her acceptance of full responsibility for her actions and expresses her desire to seek rehabilitation while enduring the consequences of her actions and poor choices.

Based on her age and the time remaining if her sentence is reduced to 30 years, it is unlikely that the defendant will recidivate upon her release.

(3)  *Seriousness of the Crimes*.  As noted, this court regards the defendant's crimes as very serious, fully supportive of a significant sentence.

(4)  *Whether the Sentence Promotes Respect for the Law and Just punishment for the offense*.  The court finds a significant sentence is necessary to promote respect for the law and just punishment, but that does not necessarily require a sentence of life imprisonment.

(5)  *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*.  The court finds that a significant sentence is necessary to provide both general and specific deterrents.

(6)  *Whether the Sentence Protects the Public from Future Crimes of the Defendant*.  The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant.

(7)  *Need to Avoid Unwarranted Sentencing Disparities*.  As noted previously, all of the co-defendants pleaded guilty and cooperated.  As a result, they received corresponding motions for leniency in sentencing.  The defendant elected to plead not guilty and go to trial— as his her right—but for that reason alone, the sentence received by the co-defendants cannot be said to be sufficient comparators to warrant a substantial reduction in sentence.

### III.  CONCLUSION

Having calculated and considered the advisory sentencing Guidelines, the relevant statutory sentencing factors under 18 U.S.C. § 3553(a), the recently adopted provisions of the First Step Act, and the full record in this matter, it is the judgment of the court that the

defendant, Latonya Renee Davis, is hereby committed to the custody of the Bureau of Prisons for a term of 30 years. This consists of 360 months each on Counts 1, 6, and 7, all to run concurrently. The defendant's term of supervised release remains at 10 years and all of the mandatory and special conditions of supervised release and the original judgment remain in full force. The court finds this sentence sufficient, but not greater than necessary when considering all of the factors under § 3553(a).

Accordingly, the defendant's motion (ECF No. 566) is granted as set out in this order.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 4, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge